Patrick E. McGillicuddy
Law Office of Patrick E. McGillicuddy
331 North First Avenue, Suite 210
Phoenix, Arizona  85003
Phone:  602-452-2915
Fax:  602-926-8422
E-Mail:  PMcGillicuddy@qwest.net
Attorney for Defendant Azadegan

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR08-612-006 PHX-NVW |
| Plaintiff, | Objections to Pre-Sentence Report |
| vs. | |
| BRANDON AZADEGAN, | |
| Defendant. | |

Counsel for the defendant hereby files his objections to the draft pre-sentence report received on November 4, 2009. The defendant's sole objection is that he did not receive a two level reduction for minor role in the offense, pursuant to U.S.S.G. Sec. 3B1.2(b). The basis for the objection follows.

In the pre-sentence report, the USPO describes Azedegan as "an average participant" in this fraudulent scheme. PSR p. 7, Par. 25. The USPO bases this conc-lusion on the fact that Azedegan "took direction from (co-defendant) Ionutesuc. He assisted straw buyers submit the fraudulent loan applications. He obtained inflated appraisals for the properties, negotiated the purchase prices, and attended the loan closings" PSR p.7, Par. 25.This is the extent of Azedegan's involvement in this scheme.

Azedegan's role was minor within this complex scheme as much for what he did not do as for what he did. He was not a leader or organizer. He was not a lender, real

estate agent, or escrow officer. Therefore, he was not part of the inner group that made the scheme go. Without the falsified documents and insider knowledge, the scheme would not have worked. These individuals were integral to the scheme's success, as the scheme was predicated on using false documents to lull lenders into funding loans.

Azedegan's role was minor because, as the PSR makes clear, his only involvement in the scheme was to assist the straw buyers in the lending process. This action is far less involved than those of the main players in the scheme, who needed to utilize their special skills and inside positions to carry out the scheme. All Azedegan did was assist in filling out loan applications for the straw buyers. Moreover, he took direction from Ionutesuc, indicating that his role in the offense was limited, that he was not acting on his own initiative. While he obtained inflated appraisals for the properties, the appraiser actually did the appraisal. He negotiated the sales price for several properties. Again, this involves only a minor activity to do so. Attending the loan closings was more of a ministerial action, one that could have been performed by anyone in the scheme. Therefore, in the context of this complex scheme, which involved falsifying loan documents to mislead lenders, and required specialized knowledge and skills to do so, Azedegan's actions were pedestrian in nature, and could have been carried out by anyone. They required no special skill, were episodic in nature, and were far removed from the complex actions of others involved in the scheme.

As a second reason for allowing the minor role adjustment for Azedegan, is the fact that his calculated loss was far less than other defendants in the scheme.The loss attributed to Azedegan was 1.189 million dollars. PSR p.7, Par. 25. Others in the scheme were responsible for far greater loss amounts. Defendant Morar's loss was calculated at

6.6 million dollars. PSR p. 6 Par. 20. Defendant S. Dobos' loss was calculated to be 6.6 million dollars. PSR p.7, Par. 24. G. Dobos' loss was set at 6.6 million dollars. PSR p.8, Par.29. Defendant Mejia's loss was calculated at 3.485 million dollars. PSR p. 8, Par. 28. Defendant Babeti's loss was calculated at '2.285 million dollars, PSR p. 7, Par. 21, while defendant Bunea's loss was calculated at 2.260 million dollars. PSR p.7, Par.22. Defendant Ionutescu loss was calculated at 1.874 million dollars. PSR p.7, Par. 26. Defendant Swallows' loss was calculated at 1.556 million dollars. PSR p.8, Par. 30. Of all the defendants referenced in the pre-sentence report, Azedegan loss was the third lowest, exceeding defendant Zebarth's loss, who was the second lowest, by only four thousand dollars. PSR p.8, Par.27

The combination of Azedegan's limited and low level activities to carry out the scheme, and his low loss level lead to the conclusion that the minor role adjustment should be applied to him. Therefore, his total offense level should be level 21, Criminal History III, which carries a guideline range of between 46 and 57 months.

Excludable delay under 18 U.S.C. §3161(h) (1)(F) and 8(A) will not occur as a result of this motion or an order based thereon.

RESPECTFULLY SUBMITTED on November 6, 2009.

*/s Patrick E. McGillicuddy*
Patrick E. McGillicuddy
Attorney for Defendant Brandon Azedegan

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2009 I electronically transmitted by Ex Parte Motions & proposed Order to the Clerk's Office using the CM/ECF System

/s/Patrick E. McGillicuddy