LAW OFFICES OF PATRICK E.  McGILLICUDDY
Patrick E. McGillicuddy
The Historic Metro Office Building
331 North First Avenue
Suite 210
Phoenix, Arizona  85003
(602)452-2915
Fax-602-926-8422
State Bar No.  6191
e-mail:pmcgillicuddy@qwest.net
Attorney for Defendant
Francisco Brandon Azedegan

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                        )<br>         Plaintiff      )<br>                        )<br> vs.                    )<br>                        )<br>                        )<br> BRANDON AZEDEGAN        )<br>              Defendant )<br>_____ ) | CR-08-612—06-PHX-NVW<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Excludable delay, pursuant to 18 U.S.C. Sec. 3161(h)(1)(F), will not  occur as a result of the Defendant's motion or an order based thereon.

Attorney for the Defendant, Brandon Azedegan, hereby files his sentencing memorandum in this case. This Memorandum is based on the following Memorandum of Points and Authorities.

RESPECTFULLY SUBMITTED  November 13, 2009

/s/Patrick E. McGillicuddy
Patrick E.  McGillicuddy
Attorney for Defendant
Brandon Azedegan

## MEMORANDUM OF POINTS AND AUTHORITIES

Through counsel, the defendant files this Memorandum, and requests that the Court sentence him to a period of time served and place him on three years supervised

1

release. The basis for this request follows.

The defendant plead guilty to Count 7, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. 1349 and 1343, and to Count 13, Transactional Money Laundering in violation of 18 U.S.C. 1957(a). The defendant plead guilty to a cooperation agreement with the Government and testified at trial against two of his co-defendants, Samuel Dobos and Cipriano Ionutescu. During trial, Dobos plead guilty, with a cap of thirty three months, and Ionutescu was found guilty of several counts.

The defendant is a young man who became caught up in an illegal "cash back" scheme, in which he obtained cash back from the sale of houses, and used straw buyers to buy houses when his credit did not allow him to do so on his own. According to the Pre-Sentence Report, Mr. Azedegan caused a loss in the amount of $1,189,350. This loss amount was the third lowest amount of the defendants listed in Mr. Azedegan's pre-sentence report. PSR p.6-8.

By the defendant's own account, his greed got the better of him. PSR p. 9 Par 37. He used the money obtained from his part of the scheme to purchase expensive cars and to otherwise lead a lavish lifestyle, and to purchase other properties. PSR p. 9 Par 35.

The defendant quickly entered into a plea agreement and agreed to cooperate with the Government. His cooperation came with some risk to himself, as he was threatened by Samuel Dobos. These threats caused the defendant to seek protective custody at CCA. He remains in protective custody as of this date.

Mr. Azedegan has expressed to counsel his fear of Dobos and Ionutescu, and desires to leave the state once he is released. He also has expressed to counsel his fear for his family's safety, and wants them to re-locate as well.

Mr. Azedegan provided vital testimony to the Government against Dobos and

1  Ionutescu. After his testimony, Dobos was offered a plea to fifteen months in prison.

2  This proposed plea was rejected by the Court. On information and belief, Dobos

3  accepted a plea agreement that capped his prison time at 33 months. Ionutescu was

4  convicted of several counts. While the defendant is not claiming sole responsibility for

5  these convictions, the defendant believes that his testimony was very

6  helpful to ithe Government's case.

7       The defendant will have served 522 days of presentence custody during the

8  pendency of this case. PSR p. 1. During that time, he has expressed regret for his

9  actions and vows never  again to become involved in the criminal justice system.

10  He now realizes that there are no shortcuts to prosperity, and that there is a stiff price

11  to pay for obtaining money illegally. He has vowed to counsel that, when released, he

12  will obtain any job he can to begin paying his debt to society. Counsel believes that

13  the defendant is sincere in his statements.

14       While the defendant has some criminal history, the crimes for which he was

15  convicted  are all misdemeanors. PSR pp.11-13, Paragraphs 50-56. Two are DUI's,

16  indicating that the defendant may have substance abuse issues. One appeared to be

17  fueled by jealously over a former girlfriend. PSR p. 13, Par. 56. Thus, the defendant

18  does not have a history of serious criminal activity.

19       The defendant will have been incarcerated for a period of nearly 1.5 years

20  Since his arrest, his incarceration has had a strong impact on him. During his

21  incarceration, he has had the opportunity to think about his actions and way of living

22  that brings him before this Court for sentencing. He realizes the error of his ways, and

23  attributes them to greed and the desire for easy money. Unfortunately for the

24  defendant, he could not resist the lure of easy money obtained through criminal

25  behavior.

26       The defendant has strong family support. His family members will advise the

27

28

1   Court at sentencing about the positive attributes of the defendant. They will provide

2   the defendant with strong support when he is released from custody, whether at

3   sentencing or later.

4       A sentence of time served is an appropriate disposition in this case, given the

5   sentences given to others in this case. In particular, defendant Dobos will receive no

6   more than 33 months in prison for defrauding lending institutions of over six million

7   dollars. Defendant Babeti was sentenced to time served as of August 24, 2009. PSR

8   p.1a. Babeti caused a loss of $2, 285, 722, nearly twice the loss caused by Azedegan.

9   PSR p. 7, Par. 21. Neither of these defendants assisted the Government or the Court

10  by offering his testimony in this case.

11      In summary, the defendant is worthy of a time served sentence. He has served

12  nearly a year and one half in jail. This is sufficient time to make the defendant realize

13  that his actions were harmful and will not be tolerated by the Government. He has

14  realized the error of his ways. He has strong family support. His loss amount was one

15  of the lowest of all the defendants in this case. Other defendants have received time

16  served who caused a greater loss than did the defendant. The defendant cooperated

17  with the Government, and provided key testimony in the case. The defendant sincerely

18  regrets his actions. Therefore, a sentence of time served is warranted in this case for

19  this defendant.

20

21                      RESPECTFULLY SUBMITTED November 13, 2009

22                      /s/Patrick E. McGillicuddy
                        Attorney for Defendant
23                      Brandon Azedegan

24                      _____

25

26  Original filed electronically
    November 13, 2009 with the

27                                      4

28

1   Clerk, United States District Court
    401 West Washington Street
2   Phoenix, AZ 85004

3

     /s/Patrick E, McGillicuddy
4   Attorney for Defendant
    Brandon Azedegan
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                                    5
27

28